UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.                                              Case No. 8:20-cv-394-T-35SPF

KINETIC INVESTMENT GROUP, LLC,
and MICHAEL SCOTT WILLIAMS,

      Defendants, and

KINETIC FUNDS I, LLC;
KCL SERVICES, LLC d/b/a LENDACY;
SCIPIO, LLC; LF42, LLC; EL MORRO
FINANCIAL GROUP, LLC; and
KIH, INC. f/k/a KINETIC
INTERNATIONAL, LLC,

      Relief Defendants.
_____/

**ORDER**

This cause comes before the Court for consideration of the Receiver's First Interim Omnibus Application for Allowance and Payment of Professionals' Fees and Reimbursement of Expenses.[1] (Doc. 73). The Securities and Exchange Commission does not oppose the requested relief. (Doc. 73 at 24).

Defendant Michael Williams filed a Response to the Receiver's Application raising three concerns. (Doc. 91). Initially, Defendant Williams expresses concern about the Receiver's and his counsel's fees but ultimately concludes that "[t]he hourly rates being

---

[1] This matter was referred to the undersigned for entry of an Order or Report and Recommendation, as appropriate (Doc. 77).

charged by the Receiver and the Quarles & Brady firm appear reasonable, and the work accomplished, by and large, appears necessarily incurred." (Doc. 91 at 4). As such, this Court need not address this concern further.

Next, Defendant Williams argues that because an attorney's travel and lodging expenses are not taxable costs under 28 U.S.C. § 1920, he does not believe such costs should be awarded in a court-appointed receivership. This argument, however, is unavailing because the laws relating to the award of attorney's fees and costs do not apply to receiverships. *Commodity Futures Trading Comm'n v. United Inv'rs Grp., Inc.*, No. 05-80002-Civ, 2007 WL 9753154, at *4 (S.D. Fla. May 10, 2007).

Finally, Defendant Williams objects to a full payment to Yip & Associates, a forensic accounting firm, and suggests a 5-10% across-the-board reduction of these fees. This objection is premised on the Receiver's discussion of Yip & Associates' work being hampered or delayed due to the inability of the financial institution at which the Receivership Defendants maintained their primary bank account to quickly produce records due to the impact of the COVID-19 pandemic. The Receiver's Application represents that the financial institution indicated that it did not expect to provide documentation needed for forensic analysis and reconstruction of the Receivership banking information until April 23, 2020, at the earliest. (Doc. 73 at 15-16). The Receiver goes on to explain that a delay of six weeks from his appointment on March 6, 2020 to April 23, 2020, without an understanding of the Receivership Defendants' financial transactions would have severely impacted the Receiver's ability to timely and effectively perform his duties under the Order Appointing Receiver (Doc. 34). As such, Yip & Associates were forced to pursue other efforts to obtain the necessary supporting information and documentation to reconstruct the financial records, including

review of documents maintained by the Receivership Entities at its offices. Defendant Williams contends that, because the records were obtained by Yip & Associates from the Receivership Entities' offices, there was, in fact, no delay and that the Receiver offered no explanation as to what additional work had to be done based on the inability to quickly obtain the banking records. Defendant Williams misconstrues the Receiver's explanation. It was not the delay, in and of itself, that complicated Yip & Associates' work. It was the potential delay of waiting until the financial institution could produce the financial records that the Receiver could not risk, which, in turn, required Yip & Associates to undertake the additional, typically unnecessary work of curating these records themselves from the Receivership Entities' offices. The Court finds that the Receiver adequately explained the fees incurred by Yip & Associates. Therefore, this objection is unavailing and overruled.

Accordingly, having considered the Application, Defendant Williams' Response thereto, the Receiver's supplement as requested by the Court (Doc. 100), and being otherwise fully advised, it is hereby **ORDERED** as follows:

1. The Application (Doc. 73) is **GRANTED**.

2. The Court awards the following sums and directs that payment be made from Receivership assets:

   | | |
   |---|---|
   | Mark A. Kornfeld and Quarles & Brady, LLP | $ 114,546.92 |
   | Yip & Associates | $ 50,160.50 |
   | E-Hounds, Inc. | $ 34,820.00 |
   | Peters, LaPlaca and Fuste | $ 6,899.50 |
   | International Intelligence Group, LLC[2] | $ 412.54 |
   | K. Tek Systems | $ 3,820.00 |
   | Various Locksmiths | $ 512.00 |

---

[2] This professional has been identified as Investigative Solutions (Doc. 73 at 7), International Intelligence Group, LLC (Doc. 73 at 8-9, 18; Doc. 74-8), and International Investigations Group, LLC (Doc. 74-16).

**ORDERED** in Tampa, Florida, this 2nd day of July 2020.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE